UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| In Re: **Grand Jury Subpoena No. 2225** (USAO No. 2023R00204) | Case No. 1:23-mj-0259-SKL <br><br> **Filed Under Seal** |

## APPLICATION FOR ORDER COMMANDING PROVIDER NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order Google LLC, along with its parent, subsidiary, or affiliate companies ("Google"), not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena) of the existence of the attached subpoena, **numbered 2225,** for **a period of 180 days, up to and including February 13, 2024.**

Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, **numbered 2225,** which requires Google to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of

1

behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

Accordingly, the United States respectfully requests that the Court grant the attached Order directing Google not to disclose the existence or content of the attached subpoena for a period of 180 days, except that Google may disclose the attached subpoena to an attorney for Google for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed for **a period of 180 days, up to and including February 13, 2024**. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted this 17th day of August, 2023.

                                                    FRANCIS M. HAMILTON III
                                                    United States Attorney

By: *s/ Kyle J. Wilson*
      Kyle J. Wilson, TN BPR #31844
      Assistant United States Attorney
      1110 Market Street, Suite 515
      Chattanooga, TN 37402
      Kyle.Wilson@usdoj.gov
      (423) 752-5140